DAVID WALSH RUDDER v. MIKE LOUIS LAWTON

No. 8210SC281

(Filed 17 May 1983)

1. **Appeal and Error § 6.2— partial new trial—motion in limine—no immediate right to appeal**

A trial court's orders granting plaintiff's motion *in limine* and awarding a partial new trial on the issue of damages were interlocutory orders, and defendant had no immediate right to appeal from them.

2. **Automobiles and Other Vehicles § 43.2— motion in limine—preventing mention of consumption of beer**

In an action in which plaintiff sued defendant for injuries sustained in an automobile accident, the trial court did not err in allowing plaintiff's motion *in limine* in which plaintiff sought to have the court instruct defendant's counsel not to mention consumption of beer at trial since evidence of consumption of alcohol was at variance with the language in defendant's answer to the complaint, and since defendant's misleading answers to plaintiff's interrogatories concerning alcohol consumption and his late motion to amend his answer concerning alcohol consumption had the effect of surprising the plaintiff and leaving the plaintiff unprepared to rebut defendant's affirmative defense that plaintiff was contributorily negligent because he voluntarily rode with defendant, knowing or having reason to know defendant was under the influence of alcohol.

3. **Pleadings § 32— denial of motion to amend answer—no error**

The trial court did not err in failing to allow defendant to amend his answer where the denial stemmed from defendant's undue delay in making the motion.

**4. Rules of Civil Procedure § 59— granting partial new trial—no error**
    The trial court did not abuse its discretion in granting plaintiff's motion
for a partial new trial on the issue of damages.

APPEAL by defendant from *Preston, Judge.* Judgment entered 19 November 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 21 January 1983.

Plaintiff filed suit against defendant for injuries sustained in an automobile accident on 5 August 1979 after plaintiff and defendant left a party at which defendant and others had been consuming beer. Plaintiff's complaint alleged that plaintiff was injured when defendant negligently drove a vehicle, in which plaintiff was a passenger, off the highway into a telephone pole. Defendant allegedly was negligent in failing to keep a proper lookout, to pay proper attention to his driving, and to keep his vehicle under control.

In his Answer, the defendant denied negligence and alleged that plaintiff was contributorily negligent:

> "in entering into and continuing to ride as a passenger in the said vehicle; that the Plaintiff did acquiesce and concur in the way and manner in which said vehicle was being operated and made no remonstrance or protest in regard thereto, and did not ask to be let out of or undertake to leave the vehicle when it was reasonable and prudent to do so . . . ."

On 14 April 1981, defendant answered Interrogatories filed by plaintiff. To Interrogatory No. 9, which inquired as to whether he was under the influence of alcohol or drugs at the time of the accident, the defendant asserted his Fifth Amendment rights. Plaintiff later submitted additional Interrogatories which were directed toward discovery of the basis for defendant's affirmative defense of contributory negligence. The answers to those Interrogatories which are pertinent to this appeal are contained in a discussion of one of the assignments of error below.

When the case was tried in November 1981, the court allowed a motion *in limine* in which plaintiff sought to have the court instruct defendant's counsel not to mention consumption of beer at trial. On the second day of trial, defendant filed a supplemental answer to Interrogatory No. 9, waiving his right to ob-

ject under the Fifth Amendment and admitting he was under the influence of alcohol both at the time of, and immediately before, the collision. During the presentation of evidence, defendant moved to amend his Answer to allege specifically that plaintiff was contributorily negligent because he voluntarily rode with defendant even though he knew or had reason to know that the defendant was under the influence of alcohol. The motion was denied, and no evidence of alcohol consumption was admitted during the trial.

Before submitting the case to the jury, the court dismissed defendant's claim of contributory negligence. The jury returned a verdict for plaintiff of $3,200. Upon motion by plaintiff, the court set aside the verdict on damages as being inadequate and awarded a new trial on that issue. Defendant appealed.

*Blanchard, Tucker, Twiggs, Denson and Earls, by Charles F. Blanchard, for plaintiff appellee.*

*Ragsdale and Liggett, by William Woodard Webb and John Hutson, Jr., for defendant appellant.*

WEBB, Judge.

[1] By this appeal, defendant seeks appellate review of the trial court's orders granting plaintiff's motion *in limine* and awarding a partial new trial on the issue of damages. Defendant has no immediate right to appeal from these interlocutory orders. Although the orders may affect a substantial right of the defendant, this possibility does not make the orders appealable unless they "will work injury to . . . [him] if not corrected before an appeal from the final judgment." *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 491, 251 S.E. 2d 443, 447 (1979). This is not such a case. Nevertheless, in our discretion we have chosen to treat this appeal as a petition for writ of certiorari under Appellate Rule 21 and have decided to allow it.

[2] In his first assignment of error defendant contends the court erred in granting plaintiff's motion *in limine.* From the record, it appears that the trial judge allowed this motion because he believed evidence of consumption of alcohol was at variance with the language in defendant's answer to the complaint. The answer generally alleged that plaintiff was contributorily negligent because he voluntarily rode in the vehicle with defendant. Under

our system of "notice pleading," this answer, standing alone, may have been sufficient to apprise plaintiff of defendant's specific defense concerning consumption of alcohol.

Assuming, *arguendo*, that the Answer was adequate, we believe that defendant's subsequent actions effectively negated notice of this defense. In April 1981, defendant objected to plaintiff's interrogatory No. 9 which asked whether defendant was under the influence of alcohol or drugs. Several months later, defendant answered the following interrogatory:

> 11. Reference is made to Paragraph 6 of your [A]nswer [pleading affirmative defense of contributory negligence] . . . . Please state in detail the way and manner in which the said vehicle was being operated in which you contend required remonstrance or protest on the part of the plaintiff.
>
> . . . .
>
> The way and manner Defendant refers to in his Answer is the same way and manner Plaintiff alleges Defendant was negligent in . . . his Complaint, which is again denied.

It is important to note that the Complaint, however, did not allege, as a basis for negligence, that defendant had been driving under the influence of alcohol. Hence, the answer to this Interrogatory was totally misleading if defendant intended to rely on an affirmative defense of contributory negligence based on consumption of alcohol. Furthermore, in answering a question from that same set of interrogatories, the defendant also denied that he was "under any type of impairment or physical disability" prior to the collision.

Although the statute of limitations had run on 5 August 1981 on any possible charge against defendant for driving under the influence of alcohol, the defendant waited until his November trial to file a supplemental answer to interrogatory No. 9. At that time, he admitted that he was under the influence of alcohol. The defendant further delayed moving to amend his answer to the complaint until evidence had been presented at trial. His proposed amendment clearly alleged that plaintiff was contributorily negligent because he voluntarily rode with defendant, knowing or having reason to know defendant was under the influence of alcohol.

Under all these circumstances, it was not unreasonable for plaintiff to assume that defendant did not intend to present evidence of plaintiff's knowledge that defendant was under the influence of alcohol. Plaintiff made diligent efforts to obtain discovery concerning defendant's defense. The defendant's misleading answers to plaintiff's interrogatories, his dilatory filing of the supplemental answer to plaintiff's interrogatory No. 9, and his late motion to amend his answer had the effect of surprising the plaintiff and leaving him unprepared to rebut defendant's affirmative defense. For these reasons, we hold it was not error for the court to grant plaintiff's motion *in limine.*

[3] Defendant also argues under his first assignment of error that the court erred in denying his motion to amend his answer. A motion to amend, made after the beginning of trial, is addressed to the sound discretion of the trial judge. *Moore v. Insurance Co.,* 266 N.C. 440, 146 S.E. 2d 492 (1966). Unless there is an apparent or declared reason for denying a motion to amend a pleading, leave to amend under Rule 15(a) "shall be freely given when justice so requires." *Public Relations, Inc. v. Enterprises, Inc.,* 36 N.C. App. 673, 678, 245 S.E. 2d 782, 785 (1978). In excluding evidence of consumption of alcohol in the present case, the court specifically stated, "[T]he reason that I am not letting this in is the fact that you waited until this morning to open up this can of worms when you had over 100 days to open it up." Clearly, the court's reason for denying defendant's motion to amend was defendant's undue delay in making that motion after the statute of limitations had run on 5 August 1981. No abuse of discretion has been shown.

[4] In defendant's second assignment of error he argues that the court abused its discretion in granting plaintiff's motion for a partial new trial on the issue of damages. Defendant submits that the jury's verdict of $3,200 was "*clearly* within the reasonable range of possible verdicts" based on the fact that plaintiff presented evidence that he had $2,298.50 in medical expenses and had lost wages of $900.00. The use of a rigid test to measure whether a verdict is " 'clearly within the maximum limits of a reasonable range' " was rejected by the court in *Worthington v. Bynum and Cogdell v. Bynum,* 305 N.C. 478, 485, 290 S.E. 2d 599, 604 (1982), quoting the Court of Appeals' opinion which it reversed at 53 N.C. App. 409, 414, 281 S.E. 2d 166, 171 (1981). In *Worthington,*

the court stated that a Rule 59 discretionary order should not be disturbed on appeal unless it "probably amounted to a substantial miscarriage of justice." *Worthington, supra,* at 487, 290 S.E. 2d at 605. We have reviewed the evidence and find no such abuse of discretion.

Affirmed.

Judges BECTON and PHILLIPS concur.