EARL BUMGARNER AND WIFE, EULA BUMGARNER v. HOBART RENEAU AND
WIFE, REVA RENEAU, FORMERLY REVA ARNOLD

No. 101A92

(Filed 19 November 1992)

1. **Dedication §§ 12, 13 (NCI4th) — public user law — Court of Appeals discussion — disavowed**

   The Supreme Court disavowed as superfluous the Court of Appeals' discussion of public user law in *Bumgarner v. Reneau*, 105 N.C.App. 362, where the trial court had excluded from evidence a deed which had not been included in the response to a request for documents; the Court of Appeals did not discuss the reason the trial court excluded the evidence, holding instead that the roadway in question had not become a public road because there had been no public acceptance; plaintiffs appealed to the Supreme Court as of right based on a dissent in the Court of Appeals; defendants subsequently filed a petition for discretionary review to determine, based on discovery violations, whether the trial court erred by excluding the deed; and the Supreme Court granted that petition at 332 N.C. 146 and decided the case in this opinion on the issue of whether the deed was properly excluded.

   **Am Jur 2d, Dedication §§ 34-37, 50-55, 78.**

   **Implied acceptance, by public use, of dedication of beach or shoreline adjoining public waters. 24 ALR4th 294.**

2. **Discovery and Depositions §§ 5, 62 (NCI4th) — request for production of documents — failure to produce deed — excluded from trial**

   The trial court did not abuse its discretion by excluding a deed from evidence in an action seeking an injunction barring interference with a claimed right-of-way where defendants filed a request for documents which was directed towards discovery of the basis for plaintiffs' claimed right-of-way; plaintiffs responded with only one document, a deed which was relevant to a prescriptive easement theory, and stated that this deed was the only document on which they were relying to prove the right-of-way; plaintiffs did not supplement their response; plaintiffs' prescriptive easement theory was apparently thwarted by testimony at trial; and plaintiffs then sought to introduce

BUMGARNER v. RENEAU

[332 N.C. 624 (1992)]

the deed in question, which supported a public user theory and was in effect an attempt to change theories prior to resting the case. The imposition of sanctions under N.C.G.S. § 1A-1, Rule 37 for failure to comply with N.C.G.S. § 1A-1, Rule 26(e) is within the sound discretion of the trial judge.

**Am Jur 2d, Depositions and Discovery §§ 383, 384.**

**Exclusion of evidence in state criminal action for failure of prosecution to comply with discovery requirements as to physical or documentary evidence, or the like — modern cases. 27 ALR4th 105.**

**Dismissal of state court action for failure or refusal of plaintiff to obey request or order for production of documents or other objects. 27 ALR4th 61, sec. 1, supp. sec. 1.**

Appeal by plaintiffs as of right pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 105 N.C. App. 362, 413 S.E.2d 565 (1992), which affirmed a judgment entered for defendants by Hyatt, J., at the 20 August 1990 Civil Session of Superior Court, Jackson County. Defendants' petition for discretionary review pursuant to N.C.G.S. § 7A-31 as to an additional issue was allowed by the Court on 16 July 1992. Heard in the Supreme Court 6 October 1992.

*Van Winkle, Buck, Wall, Starnes, and Davis, P.A., by Michelle Rippon, for plaintiff-appellants and -appellees.*

*Long, Parker, Hunt, Payne & Warren, P.A., by Robert B. Long, Jr., for defendant-appellees and -appellants.*

MEYER, Justice.

The questions brought before this Court are whether the trial court erred in excluding, because of the plaintiffs' discovery responses, evidence of the defendants' deed and whether defendants' deed constituted a dedication to the public that was accepted by general use of the public. For reasons differing from those relied upon by the Court of Appeals, we conclude that the trial court did not err in excluding evidence of defendants' deed, and we affirm the holding of the Court of Appeals.

The facts pertinent to this case are as follows. Plaintiffs are owners of property located in Jackson County, North Carolina.

They acquired the property in question by deed on 24 March 1956. Plaintiffs' predecessor in title, William Rogers, purchased the property in question sometime between 1939 and 1941. Rogers subsequently reached an agreement with defendants' predecessor in title, Howard Reagan, for a right-of-way, a portion of which passed through the Reagan property and which would provide a means of ingress and egress from Rogers' property to Highway 441. Rogers built a road on the right-of-way in 1949. Reagan testified that he gave Rogers permission to build the twelve-foot-wide road. Reagan then conveyed the property to Artie and Gertrude Jordan in 1955. In 1960, the Jordans conveyed the property to Frank and Floyd Hall. In January of 1964, the Halls conveyed the property to defendant Reva Reneau (formerly Reva Arnold) and her husband at the time, Lester Arnold. The Hall-Arnold deed includes the following provision:

EXCEPTING AND RESERVING from this conveyance unto the said parties of the second part, their heirs and assigns and the general public, the existing roadway as same is now located, together with the right to maintain same; said roadway to remain the existing width, and to be used as a means of ingress, egress and regress to the property above described and other properties belonging to members of the general public, and said right of way to be and remain perpetually open for the aforesaid purposes but in the event said right of way shall ever cease to be used for road purposes, then and in that event same shall revert to and become the property of the owner of the adjoining lands over which same passes.

Defendants also acquired from R.V. and Harriet Jenkins a two and one-half acre tract of land on which the right-of-way is also located. This property was deeded to defendants on 8 February 1966.

Between 1949 and 1989, plaintiffs and neighboring landowners used the roadway as a means of accessing their property. In 1989, defendants erected metal fence posts connected by metal cross chambers along the side of the roadway for the purpose of curtailing the use of the road by large construction vehicles to reach a nearby subdivision.

On 18 January 1989, plaintiffs filed a complaint praying *inter alia* that defendants be permanently enjoined from interfering with plaintiffs' claimed right-of-way. Plaintiffs filed an amended complaint on 8 February 1989 requesting that judgment be entered declaring the road or right-of-way a public road or, in the alter-

BUMGARNER v. RENEAU

[332 N.C. 624 (1992)]

native, for judgment granting plaintiffs a prescriptive easement over the road or right-of-way.

On 4 December 1989, defendants served a request for production of documents pursuant to Rule 34 upon plaintiffs, which requested production of the following:

1. Any and all documents and deeds or recorded instruments that you maintain or assert will show your right of access or right of way across the lands of Hobert [sic] Reneau and that you intend to offer at the time of trial.

2. The document or instrument referred to in your client's depositions which you maintain you have in your possession or in the possession of your client or any agent thereof, that show a deeded right of way across the property of Hobert [sic] Reneau.

In response to this request, plaintiffs sent the following answer to defendants on 21 December 1989:

I hereby tender photostat copy of Warranty Deed dated March 24, 1956, from W.P. Rogers and wife, Eunice Rogers to William Earl Bumgarner and wife, Eula Bumgarner, said deed recorded in Deed Book 216, at page 66 in the Register of Deeds Office, Jackson County, North Carolina. This document is the same as Exhibit "A" filed with the original Complaint.

This is the only document we are relying on to prove our Right-of-Way across lands of Defendant Reneau.

[1] At trial, plaintiffs attempted to enter into evidence the Hall-Arnold deed, which was marked as Plaintiffs' Exhibit 3. This deed was not included in plaintiffs' response to defendants' request for documents. As a result, the trial court excluded such evidence. Following the conclusion of all of the evidence, the jury found that plaintiffs had not acquired an easement by adverse use over the land, and Judge J. Marlene Hyatt entered judgment accordingly.

Plaintiffs appealed to the Court of Appeals, which, in a decision by a divided panel, affirmed the trial court's judgment. Although the issue of the exclusion of the deed from evidence was briefed and argued in the Court of Appeals upon plaintiffs' appeal, that court did not discuss in its opinion the reason that the trial court excluded the evidence. Rather, in its majority opinion, the panel

concluded that the exception and reservation in the Hall-Arnold deed, which purported to reserve and except the disputed roadway for public use, constituted an express offer of dedication of the road to the general public, but held that because there was no valid acceptance, the roadway did not become a public road. The majority below therefore found that because dedication of a public road cannot be established without evidence of a proper acceptance, the failure of the trial court to admit the deed into evidence did not affect any substantial right of the plaintiffs.

Judge Wynn dissented from this holding, stating that a valid acceptance had been shown, and thus concluded that it was prejudicial error for the trial court to have excluded the deed during the trial of this case. By virtue of Judge Wynn's dissent, plaintiffs appealed as of right the issue of whether there was sufficient evidence that the offer of dedication had been properly accepted. Subsequent to the holding of the Court of Appeals, defendants filed a petition for discretionary review to determine whether, because of plaintiffs' discovery violations, the trial court erred in excluding. evidence of Plaintiffs' Exhibit 3, the Hall-Arnold deed, which purported to reserve and except the disputed roadway for public use.

We granted defendants' petition and now decide the case on the issue of whether the trial court properly excluded the Hall-Arnold deed from evidence. We find no error by the trial court and thus disavow the Court of Appeals' discussion of public user law as being superfluous to the case before the court.

[2] Defendants contend that the trial court's ruling that excluded evidence of Plaintiffs' Exhibit 3, the Hall-Arnold deed, was clearly within the discretion of the trial court pursuant to Rule 26(e) and Rule 37(d) of the North Carolina Rules of Civil Procedure. We agree.

The primary purpose of the discovery rules is to facilitate the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial. *Telegraph Co. v. Griffin*, 39 N.C. App. 721, 726, 251 S.E.2d 885, 888, *cert. denied*, 297 N.C. 304, 254 S.E.2d 921 (1979). Our focus in this case is on whether the discovery process for this trial afforded defendants a fair opportunity to accomplish what the discovery rules are designed to achieve.

Rule 26 embodies the general provisions relating to all of the discovery rules. Rule 26(e) of the North Carolina Rules of Civil Procedure provides in pertinent part:

(e) *Supplementation of Responses.*— A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

. . . .

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (i) he knows that the response was incorrect when made, or (ii) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

N.C.G.S. § 1A-1, Rule 26(e)(2) (1990).

The complaint was filed on 18 January 1989. On 4 December 1989, defendants properly served a request for production of documents requesting certain information as to any documents that plaintiffs intended to use regarding their claimed right-of-way across defendants' property. Defendants' discovery request sought information upon which theory of the case plaintiffs would follow. Plaintiffs' response, served on 21 December 1989, indicated that the only document they were relying on to prove their claimed right-of-way was the deed from Rogers to defendants dated 24 March 1956. Plaintiffs at no time thereafter supplemented their response to produce any and all documents and deeds or recorded instruments that they maintained would show their right-of-way or right of access across the land of defendants, and which they intended to offer at the time of trial. In addition, plaintiffs never amended the statement in their response to the discovery request that plaintiffs' deed "is the only document we are relying on to prove our Right-of-Way across lands of Defendant Reneau."

At the 20 August 1990 Civil Session of Superior Court, plaintiffs attempted to introduce into evidence the deed from the Halls to defendant, Reva Reneau (formerly Reva Arnold), which was Plaintiffs' Exhibit 3. After defendants objected to the introduction of the Hall-Arnold deed, the jury was excused and a bench conference

was held. The apparent basis for the trial judge's exclusion of the evidence was plaintiffs' failure to supplement their response to requested discovery.

As the defendants suggest, there is a dearth of decisions by this Court regarding Rule 26(e). Our Court of Appeals, as well as the federal courts with regard to the comparable federal rule, have, however, consistently held that the purpose behind Rule 26(e) is to prevent a party with discoverable information from making untimely, evasive, or incomplete responses to requests for discovery. See cases cited in *Willoughby v. Wilkins*, 65 N.C. App. 626, 641, 310 S.E.2d 90, 99 (1983), *disc. rev. denied*, 310 N.C. 631, 315 S.E.2d 697 (1984). The trial court not only has the inherent authority to regulate trial proceedings, but it has the express authority under Rule 37, "to impose sanctions on a party who balks at discovery requests." *Green v. Maness*, 69 N.C. App. 292, 299, 316 S.E.2d 917, 922, *cert. denied,* 312 N.C. 621, 323 S.E.2d 922 (1984).

The comment to Rule 26(e) is instructional in that it states that the duty to supplement will be enforced through sanctions imposed by the trial court, "including exclusion of evidence, continuance, or other action, as the court may deem appropriate." A party's failure to comply with the limited duty imposed by Rule 26(e) is a ground for the trial court to impose such sanctions as exclusion of evidence, continuance, or other appropriate measures on the defaulting party. *See* William A. Shuford, *North Carolina Civil Practice and Procedure* § 26-22 (4th ed. 1992).

Rule 37 establishes certain sanctions for failure of a party to comply with discovery processes. The imposition of sanctions under Rule 37 for failure to comply with Rule 26(e) is within the sound discretion of the trial judge. *Willoughby*, 65 N.C. App. 626, 310 S.E.2d 90. North Carolina Rule of Civil Procedure 37(d) provides in pertinent part:

> If a party . . . fails . . . (iii) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule.

N.C.G.S. § 1A-1, Rule 37(d)(iii) (1990). Subdivision b of subsection (b)(2) of Rule 37 provides that a judge of the court in which the action is pending may make

> [a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence[.]

N.C.G.S. § 1A-1, Rule 37(b)(2)(b) (1990). The sanction provision permits the court to make such orders as are "just" upon a party's failure to obey an order to provide or permit discovery, including refusing to permit the disobedient party to introduce the matters in question into evidence. *Mt. Olive Home Health Care Agency, Inc. v. N.C. Dept. of Human Resources*, 78 N.C. App. 224, 226, 336 S.E.2d 625, 626 (1985). The matter of the imposition of sanctions under Rule 37(d) is in the sound discretion of the trial judge and cannot be overturned absent a showing of abuse of that discretion. *Segrest v. Gillette*, 96 N.C. App. 435, 442, 386 S.E.2d 88, 92 (1989), *rev'd on other grounds*, 331 N.C. 97, 414 S.E.2d 334, *reh'g denied*, 331 N.C. 386, 417 S.E.2d 791 (1992).

In *Rudder v. Lawton*, 62 N.C. App. 277, 302 S.E.2d 487 (1983), the Court of Appeals upheld a trial court ruling granting plaintiff's motion in limine to exclude evidence of the consumption of alcohol that was in direct variance with the defendant's prior answers to interrogatories. Plaintiff filed suit against defendant for injuries sustained in an automobile accident in which defendant was driving. Plaintiffs' complaint alleged that defendant negligently drove a vehicle, in which plaintiff was a passenger, into a telephone pole. In his answer, defendant denied negligence and alleged that plaintiff was contributorily negligent in not protesting defendant's driving at the time. Defendant then answered interrogatories filed by plaintiff but asserted his Fifth Amendment right in regard to a question relating to whether defendant was under the influence. On the second day of trial, defendant filed a supplemental answer to the interrogatory regarding his being under the influence and admitted he was under the influence at the time of the collision. During the presentation of evidence, defendant moved to amend his answer to allege that plaintiff was contributorily negligent because he voluntarily rode with defendant, while knowing or having reason to know that defendant was intoxicated. The trial court denied the motion, and no evidence of alcohol consumption was admitted during the trial. The Court of Appeals held:

Plaintiff made diligent efforts to obtain discovery concerning defendant's defense. The defendant's misleading answers to plaintiff's interrogatories, his dilatory filing of the supplemental answer to plaintiff's interrogatory No. 9, and his late motion to amend his answer had the effect of surprising the plaintiff and leaving him unprepared to rebut defendant's affirmative defense.

*Rudder*, 62 N.C. App. at 281, 302 S.E.2d at 489.

In the case at bar, defendants' request for documents was directed towards discovery of the basis for plaintiffs' claimed right-of-way. Although this is not a case in which plaintiffs failed or refused to respond to defendants' request for documents, it is a situation where plaintiffs clearly responded that only one document would be admitted at trial to support their case. The only document that plaintiffs responded they were relying upon was relevant to the prescriptive easement theory.

Assuming, *arguendo*, that plaintiffs' amended complaint was adequate to give defendants notice of plaintiffs' basis for their claimed right-of-way, we believe that plaintiffs' subsequent actions effectively negated notice of this theory. Plaintiffs' response to defendants' request for documents, made subsequent to the amended complaint, did not include the Hall-Arnold deed, which was plaintiffs' only evidence supporting the public user theory. Defendants planned their trial strategy accordingly. At trial, plaintiffs attempted to introduce the Hall-Arnold deed, which had the effect of surprising defendants and leaving defendants unprepared to rebut plaintiffs' theory.

From the record, it appears that plaintiffs' theory of prescriptive easement was thwarted by the testimony of Howard Reagan, William Rogers, and Charles Bradley. All three witnesses testified that permission to build and use the roadway had been granted by prior owners and that such permission had been accepted by plaintiffs' predecessor in title. At this point, plaintiffs called Reva Reneau as an adverse witness and attempted to introduce the Hall-Arnold deed into evidence. Plaintiffs, in effect, attempted to change theories prior to resting their case.

Plaintiffs offer no explanation for their failure to supplement their response. Defendants' discovery request of plaintiffs sought information upon which theory of the case plaintiffs would follow.

NATIONWIDE MUTUAL INS. CO. v. SILVERMAN

[332 N.C. 633 (1992)]

Plaintiffs responded, in no uncertain terms, that plaintiffs' deed "is the only document we are relying on to prove our Right-of-Way across lands of Defendant Reneau." Under these circumstances, this Court finds no abuse of discretion in the trial judge's ruling excluding the Hall-Arnold deed from evidence. It is for this reason and not the reason stated by the majority of the panel below that we affirm the decision of the Court of Appeals.

·MODIFIED AND AFFIRMED.