SHERRY G. RUSSELL, Plaintiff v. JERRY E. BUCHANAN and CAROLINA MACHINE AND ASSOCIATES, INC., Defendants

No. COA97-1001

(Filed 19 May 1998)

1. **Evidence and Witnesses § 350 (NCI4th)— civil sexual harassment claim—previous relationship with employee— admissible**

The trial court did not err in a civil sexual harassment action by allowing plaintiff to present evidence concerning alleged prior misconduct by defendant with an employee. The statement by defendant-Buchanan could suggest an intent to sexually prey on female subordinates; under N.C.G.S. § 8C-1, Rule 404(b), prior "bad acts" evidence is admissible if it tends to show a defendant's motive, opportunity, intent, preparation, plan, knowledge, or identity. Defendants failed to raise Rule 403 at trial and, in any event, Rule 403 does not preclude admission of this evidence.

2. **Discovery and Depositions § 5 (NCI4th)— civil sexual harassment claim—number of employees in company— records gathered night before testimony—not admissible**

Defendants failed to establish that the trial court abused its discretion in a civil sexual harassment claim where the trial court did not allow defendants to introduce payroll and W-2 records that had been gathered the night before to show the number of employees, a matter of jurisdiction under Title VII and N.C.G.S. § 143-422.2. The imposition of sanctions for failure to supplement discovery is within the discretion of the trial judge.

3. **Trial § 422 (NCI4th)— civil sexual harassment claim— instructions—burden of establishing number of employees—no prejudice**

There was no prejudicial error in a sexual harassment trial where defendants contended that the trial court erred by modifying a jury instruction, after the jury had retired, concerning the burden of establishing the number of employees at the company. Assuming that the trial court improperly shifted the burden of persuasion, a new trial should not be granted for error in the charge where the jury could draw but one inference.

**4. Appeal and Error § 156 (NCI4th)— civil sexual harassment—testimony of plaintiff's mother—failure to timely object**

The argument of defendants in a civil sexual harassment action that the trial court erred by allowing plaintiff's mother to testify that she was afraid for plaintiff was without merit because defendants failed to timely object to the testimony.

**5. Labor and Employment § 119 (NCI4th)— sexual harassment—attorneys' fees—no findings that fees unjust**

The trial court erred in a sexual harassment action by not making proper findings showing the special circumstances relied on by the trial court in denying attorneys' fees. A prevailing plaintiff in a Title VII action is normally entitled to attorneys' fees unless special circumstances render such an award unjust.

Appeal by defendants from judgment and order, and by plaintiff from order, entered 1 May 1997 by Judge James U. Downs in Gaston County Superior Court. Heard in the Court of Appeals 30 March 1998.

*Sharpe & Fosbinder, P.A., by Julie H. Fosbinder, for plaintiff-appellee/appellant.*

*Don H. Bumgardner for defendant-appellants/appellees.*

MARTIN, Mark D., Judge.

Defendants appeal from judgment and order of the trial court awarding plaintiff damages for sexual harassment. Plaintiff appeals from order of the trial court denying attorneys' fees.

Sherry G. Russell (plaintiff) was employed by Carolina Machine & Associates (CMA) and Jerry Buchanan (Buchanan), president and major shareholder (collectively defendants), from 7 June 1993 to 25 June 1993. Plaintiff testified that during her time with the company plaintiff was constantly subjected to sexual harassment by Buchanan, including statements that he would make her a vice-president if she left her husband, unwanted touches on her buttocks, requests that she wear suggestive clothing, and requests that she have sex with him. According to plaintiff, when she resisted these advances, Buchanan cut her wages and effectively forced her to resign because she could not work for the smaller wages. Buchanan testified he hired her in good faith, but quickly realized there was not

enough work to justify her original wages, and accordingly adjusted her salary to conform to her work-load. He denied any acts of sexual harassment.

Plaintiff filed her complaint on 23 July 1995, alleging sexual harassment and seeking relief under Title VII of the Civil Rights Act of 1964, and common law torts based on the public policies expressed in N.C. Gen. Stat. § 143-422.1, *et seq.* The case came on for trial during the 17 March 1997 term of Gaston County Superior Court. On 19 March 1997 the jury returned a verdict for plaintiff and awarded her $38,343.20, which included $30,000 for punitive damages. Plaintiff's request for attorneys' fees was denied. Both parties appeal. Defendants appeal from judgment and order, and plaintiff from order denying attorneys' fees.

## I. Defendants' Appeal

[1] Defendants first contend the trial court erred in allowing plaintiff to present evidence concerning alleged prior misconduct of Buchanan. Specifically, defendants argue it was improper to allow plaintiff to testify about an alleged statement made by Buchanan concerning a previous sexual relationship he had with a prior employee.

Although "[a]dultery is not the type of conduct which falls under Rule 608(b)," *State v. Woodard*, 102 N.C. App. 687, 692, 404 S.E.2d 6, 9 (1991), under rule 404(b) prior "bad acts" evidence is admissible if it tends to show a defendant's "motive, opportunity, intent, preparation, plan, knowledge, [or] identity . . . ." N.C. Gen. Stat. § 8C-1, Rule 404(b) (Supp. 1997). Buchanan's statement regarding a sexual relationship with a prior employee could suggest an intent to sexually prey on female subordinates, and as such was properly admitted by the trial court. *See Pinckney v. Van Damme*, 116 N.C. App. 139, 153, 447 S.E.2d 825, 834 (1994) (evidence regarding defendant's prior acts in engaging in excessive conduct with other co-employees probative of defendant's motive and intent).

Defendants, for the first time on appeal, cite Rule 403 for the proposition that this evidence should have been excluded because its probative value was "substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (1992). As defendants failed to make this argument at trial, they cannot "swap horses between courts in order to get a better mount [on appeal]." *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)). In any event, Rule

403 does not preclude admission. Accordingly, defendants' argument is without merit.

**[2]** Defendants also contend the trial court erred in refusing to allow defendants to present certain information showing the number of employees employed by CMA during the times alleged in the complaint. Specifically, defendants argue they should have been allowed to present payroll histories and W-2 forms allegedly proving CMA employed less than the threshold number of employees required for jurisdiction under Title VII and N.C. Gen. Stat. § 143-422.2.

Under Title VII, jurisdiction is present where an employer "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b) (1994). Similarly, North Carolina sexual harassment law applies to those employers "which regularly employ fifteen or more employees." N.C. Gen. Stat. § 143-422.2 (1996).

The United States Supreme Court recently concluded that to count an individual as an employee under section 2000e(b), "all one needs to know about a given employee for a given year is whether the employee started or ended employment that year and if so, when. He is counted as an employee for each working day after arrival and before departure." *Walters v. Metropolitan Educational Enterprises*, 519, U.S. 202, ——, 117 S. Ct. 660, 665-666, 136 L. Ed. 2d 644, 654 (1997). Whether the employee is actually working or receiving pay for each day is irrelevant, so long as he or she appears on the company payroll. *Id.* at ——, 117 S. Ct. at 666, 136 L. Ed. 2d at 654. Thus, if fifteen or more individuals appear on the company payroll for 20 or more weeks during the year, jurisdiction is appropriate. *Id.*

During defendants' presentation they attempted to introduce payroll and W-2 records that had been gathered the night before from defendants' accountant. Plaintiff objected, stating she had unsuccessfully requested such information from defendants during discovery. Since plaintiff did not have a chance to examine the information, she asked that it be excluded. The trial court agreed, stating, "[i]t is a little too late to go into something that you obtained last night from somebody that is not a party to this lawsuit."

Defendants argue they did not have this information when plaintiff made the request, and only recently obtained access. Even if this were true, the duty to supplement discovery may

be enforced through sanctions imposed by the trial court, "including exclusion of evidence, continuance, or other action, as the court may deem appropriate." A party's failure to comply with the limited duty imposed by Rule 26(e) is a ground for the trial court to impose such sanctions as exclusion of evidence, continuance, or other appropriate measures on the defaulting party.

*Bumgarner v. Reneau*, 332 N.C. 624, 630, 422 S.E.2d 686, 689-690 (1992) (citations omitted). "The imposition of sanctions under Rule 37 for failure to [supplement discovery] is within the sound discretion of the trial judge." *Id.* at 630, 422 S.E.2d at 690. Defendants have failed to establish an abuse of discretion.

In addition, a review of the excluded evidence shows that the records contained therein are incomplete, and may, under *Walters*, actually support a finding in favor of jurisdiction. Accordingly, defendants' argument is without merit.

[3] Defendants also contend the trial court erred in modifying a jury instruction, after the jury had already retired, concerning the burden of establishing the number of employees during the applicable time period. Assuming, without deciding, that the trial court improperly shifted the burden of persuasion, we conclude no prejudice occurred. During the trial, plaintiff testified that more than fifteen employees worked for CMA. In addition, CMA's office manager provided testimony regarding records which showed that during 1993 CMA had at least thirty employees. Our review of the transcript shows that approximately seventeen of these employees were employed by CMA for periods exceeding twenty weeks in 1993. "[W]here 'the jury can draw but one inference, a new trial shall not be granted on account of error in the charge of the trial judge.' " *Watkins v. Hellings*, 321 N.C. 78, 80, 361 S.E.2d 568, 570 (1987) (quoting *Brannon v. Sprinkle*, 207 N.C. 398, 407, 177 S.E. 114, 119 (1934)). In addition, as indicated previously, defendants' own excluded documents appear to provide further circumstantial evidence that jurisdiction was proper. Accordingly, defendants' argument is without merit.

[4] Finally, defendants contend the trial court erred in allowing plaintiff's mother to testify she was afraid for plaintiff. Defendants claim such evidence was irrelevant and prejudicial. Because defendants failed to timely object to this statement, their argument is without merit. *See Muse v. Charter Hospital of Winston-Salem*, 117 N.C. App. 468, 478, 452 S.E.2d 589, 597 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 718 (1996) (admission of testimony over objection was not

prejudicial error where first time testimony of that type was offered party failed to object).

We have carefully reviewed defendants' remaining assignments of error and find them to be without merit.

## II. Plaintiff's Appeal

[5] Plaintiff contends the trial court erred in denying her request for attorneys' fees. Specifically, plaintiff argues that as the prevailing party in a Title VII action, she should have been granted attorneys' fees absent a showing of special circumstances to militate against the award.

The statutory language of Title VII provides "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. § 2000e-5(k) (1994). The 4th Circuit Court of Appeals has indicated that " '[t]he discretion of a [trial] court in deciding whether to award attorneys' fees to a prevailing party is narrowly limited.' " *Mammano v. Pittston Co.*, 792 F.2d 1242, 1244-1245 (4th Cir. 1986) (quoting *Young v. Kenley*, 641 F.2d 192, 194 (4th Cir. 1981)). "A prevailing plaintiff in a Title VII action is normally entitled to attorneys' fees unless special circumstances render such an award unjust." *Id.*

In its order denying attorneys' fees, the trial court made no findings of special circumstances that would render such an award unjust. Our review of the record indicates the trial court may have felt plaintiff was adequately compensated by her damage award. If so, the trial court erred in denying attorneys' fees to plaintiff. *See Sasaki v. Class*, 92 F.3d 232, 243 (4th Cir. 1996) (fact that former employee received generous award of damages in sexual harassment action against former employer was not proper rationale for denying her award of attorneys' fees). In any event, without proper findings showing the special circumstances relied on by the trial court in denying its award of attorneys' fees, we are unable to properly review this issue. Accordingly, we remand for findings of fact to support the trial court's denial.

In summary, we find no prejudicial error in trial, and remand the order denying attorneys' fees for additional findings.

No error in part; remanded in part.

Judges McGEE and SMITH concur.