DILLON, Judge.
Defendant appeals a judgment finding him guilty of attempted second degree rape and assault by strangulation.
I. Background
Defendant was arrested and indicted for the two charges stated above when he allegedly attacked a woman after a New Year's Eve party.
A jury trial was held and Defendant was found guilty as to both charges. The trial court consolidated the charges and imposed an active sentence in the presumptive range. Defendant orally appealed at the announcement of the judgment.
II. Analysis
On appeal, Defendant argues that the trial court erred in allowing the State to admit testimony about prior bad acts of Defendant. There is some question as to whether Defendant failed to properly provide notice of appeal and has petitioned for writ of certiorari . To the extent his notice of appeal was defective, we grant Defendant's petition and review the merits of his argument.
A. Prior Bad Acts
Defendant takes issue with the State eliciting testimony from a witness regarding Defendant's drunken statements some months before the alleged attack where Defendant told some women to "go kill yourself" and bragged to some male friends that "[i]f [women] don't want to give it to me, I'm going to take it from them anyway." Defendant objected to this evidence, arguing that it was inadmissible under Rules of Evidence 404(b) and 403, when it was first presented at voir dire and again when it was presented to the jury. The State contended that this evidence was admissible to show Defendant's intent. The trial court overruled Defendant's objection.
We review the trial court's ruling on whether evidence is within the scope of Rule 404(b)de novo . State v. Beckelheimer , 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). And further review the trial court's relevancy determination for abuse of discretion. Id.
Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2017). However, this evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id. Whether evidence of prior bad acts is admissible is generally determined by the attenuation between the prior acts and the act on which the defendant is being tried. State v. Jones , 322 N.C. 585, 590, 369 S.E.2d 822, 824 (1988) ("Evidence of other crimes[, wrongs, or acts] must be connected by point of time and circumstance."). Though it is still subject to the restraint of Rule 403, which orders the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2017).
Here, the State offered evidence in the form of testimony from one of Defendant's friends. The friend testified that Defendant, while belligerently drunk several months prior to the New Year's Eve party, told women to go kill themselves and further told his friends that "if [women] don't want to give it to me, I'm going to take it from them anyway." Defendant objected that this testimony should be excluded as impermissible character evidence under Rule 404(b) and unduly prejudicial under Rule 403. However, in seeking to admit this testimony, the State argued that it was admissible to show "Defendant's clear intent to do the exact crime he [was] accused of, attempted rape, where he's telling a close friend, 'Yeah, if they don't want to give it, I'll just take it anyway,' which was five, six months prior." (Emphasis added).
We note that the statements here present a question similar to that decided by our Court in Russell v. Buchanan , 129 N.C. App. 519, 500 S.E.2d 728 (1998). In that case, a defendant was found to have sexually harassed a co-worker. On appeal, in an opinion written by Judge, now Chief Justice, Martin, our Court stated that it was proper under Rule 404(b) to admit evidence of a prior statement allegedly made by the defendant that he had had a sexual relationship with another co-worker:
[The defendant's] statement regarding a sexual relationship with a prior employee could suggest an intent to sexually prey on female subordinates, and as such was properly admitted by the trial court.
Id. at 521, 500 S.E.2d at 730.
Further, assuming that the evidence was admissible under Rule 404(b), we conclude that the trial court did not abuse its discretion in admitting the testimony under Rule 403 as the evidence did not "suggest [a] decision on an improper basis[.]" State v. Mason , 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986).
Moreover, even if the admission of Defendant's statements did violate Rule 404(b), such error was not prejudicial to Defendant. There is not "a 'reasonable possibility' that without the error 'a different result would have been reached at the trial.' " State v. Ray , 364 N.C. 272, 278, 697 S.E.2d 319, 322 (2010) (quoting N.C. Gen. Stat. § 15A-1443(a) (2009) ). That is, there was substantial evidence of Defendant's guilt such that the result would likely have been the same. Id. at 279, 697 S.E.2d at 323.
Specifically, the evidence showed as follows: Several witnesses testified that Defendant had been violent at the New Year's Eve party. Another witness testified that Defendant told him sometime after the party that he was going to the victim's residence to see if she wanted to cuddle. The victim testified that she was awoken in her residence by Defendant who was lying on top of her naked, trying to engage in sexual intercourse with her. She also testified that Defendant grabbed her neck and choked her during the attempted rape. There was testimony from other witnesses that the victim had a bruised neck and scratches on her back after the attack. Though Defendant claimed that he was asleep in his apartment during the time the attack allegedly occurred, another witness, who was at Defendant's apartment, testified that Defendant was not there when Defendant claimed he was.
III. Conclusion
We conclude that any error occasioned by the admission of the evidence cited by Defendant on appeal did not rise to the level of prejudicial error. Therefore, we conclude that Defendant received a fair trial, free from prejudicial error.
NO PREJUDICIAL ERROR.
Report per Rule 30(e).
Judges MURPHY and ARROWOOD concur.