BERGER, Judge.
Thomas and Linda Rider ("Plaintiffs") appeal from a June 12, 2017 jury verdict that found Richard Pryor and his construction company ("Defendants") liable for breaching an implied warranty of good workmanship on renovations made to Plaintiffs' home. For this breach, Plaintiffs were awarded $1.00 in damages. Before trial, Defendants moved to exclude expert testimony and documents that related to the damages allegedly suffered by Plaintiffs because this evidence had not been disclosed until the Friday before trial began the following Tuesday. The trial court granted Defendants' motion on this issue because Plaintiffs' had not seasonably amended or supplemented their discovery responses as required by Rule 26 of the North Carolina Rules of Civil Procedure. It is from this ruling of the trial court that Plaintiffs timely appeal.
Factual and Procedural Background
In 2011, Plaintiffs had contracted with Defendants for the completion of a single-family home in Henderson County, North Carolina. Prior to Defendants being hired as general contractor, Plaintiffs had started construction of their home with two other companies. One of these companies had gone out of business shortly after construction had begun, and one had been found to be unlicensed and unqualified. Both were removed from the project.
Once Defendants had taken over responsibility for the construction, they brought in and oversaw subcontractors to complete discrete sections of the work. Of the completed construction, Plaintiffs had alleged that the installation of the wood flooring and the interior painting had not been completed in a workmanlike manner; that other improvements had not been completed in accordance with accepted standards, within the specifications called for by the projects plans, or were in violation of the North Carolina Building Code; that Defendants had not properly ensured that the subcontractors' work was completed or billed properly; and that Defendants had billed Plaintiffs for work not completed, materials not used, and tools kept by Defendants.
For these actions, Plaintiffs filed a complaint on September 30, 2014, asserting causes of action for breach of implied warranty and unfair and deceptive trade practices. Defendants filed their answer, which included a third-party complaint against Hardin's Quality Floors, Inc. ("Hardin's"), seeking indemnification for any damages awarded to Plaintiffs pertaining to the hardwood floors installed by Hardin's. Plaintiffs filed an amended complaint on August 30, 2016 asserting additional causes of action for negligence and negligence per se .
During the pre-trial discovery process, Defendants had asked Plaintiffs to "[i]dentify any individuals with relevant knowledge of the allegations in the [c]omplaint." Plaintiffs identified James Carr ("Carr") as a potential lay witness because he had been the contractor who had been hired to replace the defective wood flooring in Plaintiffs' home. When asked to identify who Plaintiffs expected to call as an expert witness at trial, Plaintiffs stated that they would retain an expert, but had not yet done so. Because no expert had been identified, Plaintiffs stated that there had been no exchange of documents with any expert, and so they had no documents to disclose in response to Defendants' request for production. Plaintiffs asserted that they would seasonably supplement their responses as required once an expert was retained.
Although Plaintiffs never formally supplemented their responses, Plaintiffs had emailed Defendants on August 23, 2016 stating that Plaintiffs were "going to formally serve some supplemental discovery responses this week. But, just to give you a heads up, [Plaintiffs] will be designating Mr. Dan Gregg [ ("Gregg") ] of Gregg Construction, Inc. as an expert witness in this matter." Plaintiffs served Defendants a copy of Gregg's affidavit on August 26, 2016.
On November 16, 2016, the trial court granted Defendants' motion for summary judgment, dismissing Plaintiffs' claims for negligence, negligence per se , and unfair and deceptive trade practices. On January 25, 2017, Defendants sent a letter to Plaintiffs requesting that they "immediately provide a supplementation on the damages [Plaintiffs] are claiming in this matter if they are different than that claimed in response to [their prior discovery requests]."
On Friday, May 26, 2017, Gregg emailed Plaintiffs his estimate of the costs to repair parts of Plaintiffs' home that Defendants had constructed improperly. Gregg had estimated that it would cost $ 11,179.00 to remove and replace an outdoor deck and $ 1,100.00 to repair tile in the small bathroom that had been broken because of improper installation. One week later, on Friday, June 2, Plaintiffs served Defendants with supplemental responses to discovery that disclosed the opinion Gregg would give at trial on his estimated figures of damages. This was served on the Friday before trial began on the following Tuesday, June 6.
On Monday, June 5, 2017, Defendants filed a motion in limine that sought to prevent Gregg from testifying about his estimate of damages because Defendants had not been formally notified of Plaintiffs' intention to call Gregg as an expert witness until the Friday before trial. On the morning of trial, June 6, Defendants orally moved to also exclude Carr from providing any expert opinion at trial as Plaintiffs had only designated Carr as a lay witness. The trial court granted Defendants' motion in limine .
On June 12, 2017, the jury unanimously found Defendants liable to Plaintiffs for breach of the implied warranty of good workmanship, awarded Plaintiffs $1.00 in damages, and concluded that Defendants' third-party claim against Hardin's was barred by the statute of limitations. The trial court entered a written judgment to this effect on July 5, 2017. It is from this judgment that Plaintiffs timely appeal.
Analysis
Plaintiffs argue that the trial court abused its discretion under Rules 26(e) and 37(d) of the North Carolina Rules of Civil Procedure by granting Defendants' motion in limine , which prevented Gregg from providing an opinion of estimated damages and Carr from testifying as an expert witness at trial. We disagree.
Whether an expert witness is allowed to testify where the plaintiff has failed in response to an interrogatory to provide the names of the witnesses who might testify at trial rests in the discretion of the trial judge, and his ruling thereon allowing the witness to testify will not be found reversible error absent a showing of an abuse of discretion on the part of the judge.
Denton v. Peacock , 97 N.C. App. 97, 100, 387 S.E.2d 75, 77 (1990) (citations omitted). "A trial court abuses its discretion where its ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." Dep't of Trans. v. Jay Butmataji, LLC , --- N.C. App. ----, ----, 818 S.E.2d 171, 174 (2018) (citation and quotation marks omitted).
The primary purpose of the discovery rules is to facilitate the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial. Our focus in this case is on whether the discovery process for this trial afforded defendants a fair opportunity to accomplish what the discovery rules are designed to achieve.
Rule 26 [of the North Carolina Rules of Civil Procedure] embodies the general provisions relating to all of the discovery rules.
Bumgarner v. Reneau , 332 N.C. 624, 628-29, 422 S.E.2d 686, 688-89 (1992) (citations omitted). Rule 26(b) provides, in relevant part:
Unless otherwise stipulated to by the parties, or ordered by the court, a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify ... and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
N.C.R. Civ. Pro. 26(b)(4)(a)(3) (2017). Rule 26(e) further dictates:
(e) Supplementation of responses. - A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the party's response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement the party's response with respect to any question directly addressed to ... (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the testimony.
N.C.R. Civ. Pro. 26(e)(1).
This Court,
as well as the federal courts with regard to the comparable federal rule, have ... consistently held that the purpose behind Rule 26(e) is to prevent a party with discoverable information from making untimely, evasive, or incomplete responses to requests for discovery. The trial court not only has the inherent authority to regulate trial proceedings, but it has the express authority under Rule 37, to impose sanctions on a party who balks at discovery requests.
Bumgarner , 332 N.C. at 630, 422 S.E.2d at 689 (citations and quotation marks omitted). Pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure, "[a] party's failure to comply with the limited duty imposed by Rule 26(e) is a ground for the trial court to impose such sanctions as exclusion of evidence, continuance, or other appropriate measures on the defaulting party." Id. at 630, 422 S.E.2d at 689-90. "The imposition of sanctions under Rule 37 for failure to comply with Rule 26(e) is within the sound discretion of the trial judge." Id. at 630, 422 S.E.2d at 690 (citation omitted).
I. Limitation of Expert Witness Testimony on Damages
Plaintiffs first assert that the trial court erred by limiting Gregg's expert testimony to exclude "any testimony as to damages or estimates ... due to the fact the estimates were not provided to the Defendants in supplementation of prior discovery responses until the Friday before the scheduled trial." We disagree.
Rule 26(e)(1) of the North Carolina Rules of Civil Procedure dictates that
[a] party is under a duty seasonably to supplement the party's response with respect to ... the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the testimony.
N.C.R. Civ. Pro. 26(e)(1). This Court has previously "decline[d] to state a mathematical formula to determine what is 'seasonable' " in this context. Willoughby v. Wilkins , 65 N.C. App. 626, 641, 310 S.E.2d 90, 100 (1983). However, we have found that "supplemental answers to interrogatories are not seasonable when the answers are made so close to the time of trial that the party seeking discovery thereby is prevented from preparing adequately for trial, even with the exercise of due diligence." Id. "Our attention here is focused on whether the discovery process for this trial afforded [the parties] a fair opportunity to accomplish what the discovery rules are designed to accomplish." Id. at 641-42, 310 S.E.2d at 100.
For example, in Willoughby v. Wilkins , the defendants attempted to designate three new expert witnesses by supplementing their responses to the plaintiff's interrogatories ten days before trial was scheduled to begin. Willoughby , 65 N.C. App. at 639-40, 310 S.E.2d at 98-99. To adequately prepare for trial, the plaintiff was then forced to depose defendants' three newly identified experts five days before trial, the Sunday before trial, and the evening of the second day of trial, respectively. Id. at 640, 310 S.E.2d at 99. It was clear to the Willoughby Court that "the opportunity for plaintiff's counsel to depose defendants' expert witnesses ... was not sufficient to allow plaintiff's counsel a fair opportunity to prepare," such "that plaintiff was prevented from preparing adequately for cross examination of defendants' expert witnesses." Id. at 643, 310 S.E.2d at 100-01.
Here, Plaintiffs never formally identified Gregg as an expert witness in their initial or supplemental discovery responses as required by Rules 26(b)(4) and 26(e)(1) of the North Carolina Rules of Civil Procedure. Nevertheless, the trial court permitted Gregg to testify to the applicable standard of care because Plaintiffs had emailed Defendants nine months before trial stating their intent to designate Gregg as an expert witness. Three days after this email exchange, Plaintiffs had also served Defendants with Gregg's affidavit, which outlined his familiarity with the standard of care for builders and general contractors, his opinion on Defendants' breach of this standard, and the application of his knowledge of building code compliance to the construction project. On the Friday before trial, Plaintiffs attempted to extend the scope of Gregg's expert testimony to also include specific estimates of damages by supplementing their discovery response with Gregg's opinion as to repair costs. During the pretrial hearing on Defendants' motion in limine , Plaintiffs could not justify their delay in notifying opposing counsel of this additional expert evidence or their failure to formally designate Gregg as an expert witness per Rules 26(b)(4) and 26(e)(1).
Given this evidence, the trial court's conclusion that Plaintiffs had not seasonably supplemented their discovery response in a manner that would have provided Defendants enough time to adequately prepare for trial was a sufficient reason under which the trial court could exclude Gregg's expert testimony on his opinion of specific damages. Because this ruling was neither arbitrary nor unreasoned, the trial court did not abuse its discretion. Accordingly, we affirm the trial court's grant of Defendants' motion in limine as to Gregg's expert testimony.
II. Exclusion of Expert Testimony by Lay Witness
Plaintiffs next assert that the trial court erred by preventing Carr from testifying as an expert witness. Because Carr was a licensed general contractor who had been hired to repair and replace the flooring in their home, Plaintiffs had identified Carr in their initial response to interrogatories as a potential lay witness with personal knowledge of underlying facts associated with Plaintiffs' causes of action. Plaintiffs conceded that Carr had never been designated as an expert witness as required by Rule 26 of the North Carolina Rules of Civil Procedure. Regardless of their failure to designate him an expert, Plaintiffs argue that Carr should have been allowed to give expert testimony because, as a general contractor, he fell under an exception to this requirement that had been applied to a treating physician in Turner v. Duke University , 325 N.C. 152, 168, 381 S.E.2d 706, 716 (1989). We disagree.
In Turner , our Supreme Court recognized that although "all doctors may be considered experts in that they possess a specialized knowledge of medicine beyond that of the layman, not every role of a doctor as a witness in a legal controversy is in the capacity of an 'expert' witness." Id. at 168, 381 S.E.2d at 715. Thus, "[w]here a doctor is or was the plaintiff's treating physician and is called to testify not about the standard of the plaintiff's care but rather about the plaintiff's treatment and the doctor's choice of surgical procedures, he is not an expert witness." Id. at 168, 381 S.E.2d at 716. Contrary to Plaintiffs' argument that Carr should have been allowed to give expert testimony even though he had only been designated a lay witness, the essential principle stated in Turner is that a witness, who because of his qualifications could have been designated an expert, need not be designated as such if the purpose of his testimony is to establish facts within his personal knowledge relevant to the parties' claims.
Here, Plaintiffs' reliance on Turner is gravely misplaced. First and foremost, Turner stands counter to Plaintiffs argument. Plaintiffs have asked that we follow Turner , and we shall: by affirming the ruling of the trial court. Per Turner , "[w]here a doctor is or was the plaintiff's treating physician and is called to testify not about the standard of the plaintiff's care but rather about the plaintiff's treatment and the doctor's choice of surgical procedures, he is not an expert witness." Turner , 325 N.C. at 168, 381 S.E.2d at 716 (emphasis added). Thus, although a treating physician has specialized medical knowledge, he may testify as a lay witness as long as his testimony is limited to his factual recollections of the plaintiff's treatment rather than his expert opinion as to whether that treatment complied with the applicable standard of care. Here, Plaintiffs are asking this Court to invert the principle laid out in Turner to allow Carr's expert opinion to be introduced so that they can prove whether Plaintiffs' flooring "was installed within the standard of this community" and overcome the fact that Plaintiffs had only identified Carr as a lay witness. This we will not do.
Plaintiffs cannot justify their failure to seasonably identify Carr as an expert witness, as required per Rule 26 of the North Carolina Rules of Civil Procedure, if their intent was to have him give an expert opinion. "This Court is an error-correcting body, not a policy-making or law-making one." Davis v. Craven Cty. ABC Bd. , --- N.C. App. ----, ----, 814 S.E.2d 602, 605 (2018) (citation and quotation marks omitted). We are not going to create new law to expand our Rules of Civil Procedure. Because the trial court followed these Rules, it did not abuse its discretion. Accordingly, we find no error and affirm the trial court's grant of Defendants' motion in limine insofar as restricting Carr from giving expert testimony.
Conclusion
Plaintiffs have not shown that the trial court abused its discretion in granting the limitations sought by Defendants on the testimony introduced at trial. Therefore, for the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and DIETZ concur.