**MILON v. DUKE UNIV.**

[355 N.C. 263 (2002)]

JAMES DEWEY MILON and ROSA P. MILON v. DUKE UNIVERSITY; DUKE UNIVERSITY HEALTH SYSTEM, INC.; PRIVATE DIAGNOSTIC CLINIC, L.L.P.; PRIVATE DIAGNOSTIC CLINIC, PLLC; DAVID F. PAULSON, M.D.; PETER S.A. GLASS, M.D.; AND MARY CRODELLE, CRNA

No. 549A01

(Filed 7 March 2002)

**Arbitration and Mediation— arbitration agreement—wife signing husband's name—no apparent authority**

A decision of the Court of Appeals holding that an agreement to arbitrate a medical malpractice claim was valid is reversed for the reasons stated in the dissenting opinion in the COA that a wife did not have apparent authority to enter into an arbitration agreement on behalf of her husband and the defendants could not have reasonably and prudently relied on the arbitration form as signed by her.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 145 N.C. App. 609, 551 S.E.2d 561 (2001), reversing and remanding an order entered 26 June 2000 by Spencer, J., in Superior Court, Durham County. Heard in the Supreme Court 14 February 2002.

*Bugg, Wolf & Wilkerson, P.A., by John A. Bugg and William J. Wolf; Miller & Martin LLP, by Gayle Malone, Jr., pro hac vice; and Center for Constitutional Litigation, PC, by John Vail, pro hac vice, for plaintiff-appellants.*

*Fulbright & Jaworski L.L.P., by John M. Simpson; and Moore & Van Allen, PLLC, by Charles R. Holton, for defendant-appellees Duke University; Duke University Health System, Inc.; Private Diagnostic Clinic, L.L.P.; Private Diagnostic, P.L.L.C.; Peter S.A. Glass, M.D.; and Mary Crodelle, C.R.N.A.; and Patterson, Dilthey, Clay & Bryson, by Mark E. Anderson, for defendant-appellee David F. Paulson, M.D.*

*Financial Protection Law Center, by Chandra T. Taylor and Mallam J. Maynard, amicus curiae.*

*Triggs, Beskind, Strickland & Rabenau, P.A., by Donald R. Strickland and Karen M. Rabenau, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

**STATE v. BUCHANAN**

[355 N.C. 264 (2002)]

*North Carolina Justice & Community Development Center, by Carlene McNulty, amicus curiae.*

*Friends of Residents in Long Term Care, Inc. by Thomas W. Henson, Jr., amicus curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.

---

STATE OF NORTH CAROLINA v. RODNEY DALE BUCHANAN

No. 190A00-2

(Filed 7 March 2002)

**Confessions and Incriminating Statements— defendant in custody—ultimate inquiry test—suppression of statements before Miranda warnings**

> The trial court properly applied the "ultimate inquiry" test in determining that defendant was in custody when, after admitting to his station house interrogators that he had participated in a homicide, those same interrogators accompanied him to the bathroom, with an officer staying with defendant at all times; consequently, the trial court properly suppressed any statements defendant made between the time he returned from the bathroom until Miranda warnings were administered to him.

Appeal pursuant to N.C.G.S. § 15A-979(c) from a suppression of evidence order entered 6 July 2001 by Beal, J., in Superior Court, Gaston County. Heard in the Supreme Court 10 December 2001.

*Roy Cooper, Attorney General, by William P. Hart, Special Deputy Attorney General, for the State-appellant.*

*Richard B. Schultz and Edgar F. Bogle for defendant-appellee.*