J. NELSON DOLLAR, Plaintiff v. TOWN OF CARY, a Municipal Corporation, and ROCKETT, BURKHEAD & WINSLOW, INC., Defendants

No. COA01-1412

(Filed 1 October 2002)

**Cities and Towns— advertisements promoting policy during election—implicitly promoting candidates**

The trial court properly granted a preliminary injunction enjoining advertisements by a town during municipal elections which promoted the town's smart growth policies where the advertisements were more than informational in nature and implicitly promoted candidates sympathetic to the policy.

Appeal by Defendant Town of Cary from order filed 6 September 2001 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 20 August 2002.

*Stam, Fordham & Danchi, P.A., by Paul Stam, Jr., for plaintiff appellee.*

*Tharrington Smith, L.L.P., by Michael Crowell and Deborah R. Stagner, for defendant-appellant Town of Cary.*

*The Law Office of John T. Benjamin, Jr., by John T. Benjamin, Jr., for defendant-appellee Rockett, Burkhead & Winslow, Inc.*

GREENE, Judge.

The Town of Cary (the Town) appeals from an order filed 6 September 2001 granting a preliminary injunction in favor of J. Nelson Dollar (Plaintiff).

On 28 August 2001, Plaintiff filed suit against the Town seeking injunctive and declaratory relief. The complaint alleged: (1) the Town had no authority to conduct its Growth Management Education and Outreach campaign (Campaign), and (2) the Town was engaging in an impermissible attempt to influence the outcome of the 2001 Town Council (the Council) election through a media advertising campaign.

In response to the complaint and after a hearing on the matter, the trial court found in pertinent part:

3. On or about March 8, 2001 and June 28, 2001 [the Council] appropriated public funds for a [Campaign] . . . , using the sum of

$200[,]000 for[,] among other things[,] "direct mail, media buys, and contracted services" . . . "to better inform citizens about growth management issues."

4. The [Campaign] promotes the merits of what it refers to as "smart growth" or "managed growth" in a coordinated print, radio and television campaign which includes paid media to run from September 6, 2001 through November 19, 2001.[1]

There is undisputed evidence in the record that growth management in the Town was an important issue in the 2001 municipal elections[2] and, although no incumbents were running to retain seats, several candidates for the Council had aligned themselves with the Town's "slow growth" or "managed growth" policies. Plaintiff was a candidate for an "at large" seat on the Council who did not agree with the growth management policies of the Town. The trial court then found as a fact that:

6. . . . [I]t is more likely than not that a Wake County jury would find that a primary purpose of this [Campaign] is to influence [the Town's] voters in favor of "slow growth" or "managed growth" candidates in the upcoming election.

The trial court concluded:

8. The Town . . . lacks enabling authority to spend money for the advertising campaign . . . (including the materials to be disseminated in the newspaper, radio, and television advertisements) which has as a primary purpose to influence [the Town's] voters during a municipal election campaign.

9. The Plaintiff is likely to prevail on the merits. A preliminary injunction is necessary to protect Plaintiff's rights during the course of litigation.

10. Plaintiff's motion for a preliminary injunction should be allowed because of the timing of the advertising campaign and the utilization of tax revenue.

---

1. The Town does not assign error to these findings of fact and they are thus deemed to be supported by evidence in the record. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982).

2. The Council elections were to be conducted on 9 October 2001 and 6 November 2001.

The preliminary injunction only enjoined the newspaper, radio, and television advertisements and was set to expire at the conclusion of the elections.

---

The dispositive issue is whether the Town's promotion of its growth management policies through newspaper, radio, and television advertising was permissible during the 2001 municipal elections for the Council in which growth management was a campaign issue.[3]

Local government advertising on particular issues is allowed where the advertising is of an informational nature. *See Dennis v. Raleigh*, 253 N.C. 400, 405, 116 S.E.2d 923, 927 (1960) (city is permitted to advertise its advantages); *see also Bardolph v. Arnold*, 112 N.C. App. 190, 435 S.E.2d 109 (1993) (no cause of action against county commissioners in their personal capacity arising from an expenditure for advertising for informational purposes about a referendum on a school merger and school board redistricting). Where the advertising, however, is designed to promote a viewpoint on an issue in order to influence an election, it is impermissible. *See* David M. Lawrence, *Financing Capital Projects in North Carolina*, at 87 (2d ed. 1994); *see also Burt v. Blumenauer*, 699 P.2d 168 (Ore. 1985) (county officials may be held personally liable for expenditures used to promote the defeat of a measure on a ballot); *Stanson v. Mott*, 551 P.2d 1 (Cal. 1976) (promotional advertising by a state parks and recreation department during a bond campaign is impermissible); *Citizens to Protect Public Funds v. Bd. of Educ.*, 98 A.2d 673 (N.J. 1953) (board of education was not permitted to fund advertising promoting voting for school bonds).

The determination of whether advertising is informational or promotional is a factual question, and factors such as the style, tenor, and timing of the publication should be considered. *Stanson*, 551 P.2d at 12. It is not necessary for the advertisement to urge voters to vote "yes" or "no" or "for" or "against" a particular issue or candidate in order for the advertising to be promotional. *Id.*

---

3. The complaint raises the separate and more fundamental issue of whether the Town has the authority to conduct a Growth Management Education and Outreach Project. The trial court did not reach that issue, and we will not address it in this appeal. Although this appeal is interlocutory and subject to dismissal, we elect to review it as a petition for writ of certiorari and address the merits. *See* N.C.R. App. P. 21.

**DOLLAR v. TOWN OF CARY**

[153 N.C. App. 309 (2002)]

In this case, the undisputed evidence shows the Council authorized the spending of $200,000 on multimedia advertisements in support of its "smart growth" and "managed growth" policies. The advertisements were to run between 6 September and 19 November 2001, a period of time coinciding with the Council elections where the smart/managed growth concept was a contested issue between candidates. We agree with the trial court that this evidence reveals "it is more likely than not that a . . . jury would find that a primary purpose of this [Campaign] is to influence [the Town's] voters in favor of 'slow growth' or 'managed growth' candidates in the [2001 Council] election" and failure to issue an injunction would cause irreparable harm to Plaintiff. *See Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (standard for issuing preliminary injunction). The advertisements, in the context of the Council elections, appear to be more than informational in nature and instead implicitly promote the candidacy of those Council candidates in sympathy with the Council's position on the Town's growth.[4] It is not material that the advertisements did not directly support one candidate over another; they promoted only one point of view on an important campaign issue. *See Citizens to Protect Public Funds*, 98 A.2d at 677.

Accordingly, the trial court properly granted the preliminary injunction.

Affirmed.

Judges TIMMONS-GOODSON and McCULLOUGH concur.

---

4. Just as the trial court's findings of fact and other rulings in a preliminary injunction hearing are not binding at trial, this Court's decision and findings of fact are not binding at a trial on the merits. *DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 578, 561 S.E.2d 276, 282 (2002).