CORNELIUS v. LIPSCOMB

[224 N.C. App. 14 (2012)]

———————————

GARY L. CORNELIUS
v.
JEFFREY LIPSCOMB and SUNSET FINANCIAL SERVICES, INC.

No. COA12-344

Filed 4 December 2012

**1. Appeal and Error—interlocutory orders and appeals—arbitration**

An order denying a motion to compel arbitration is immediately appealable.

**2. Arbitration and Mediation—denial of motion to compel arbitration—failure to make findings of fact**

The trial court erred in a fraud, breach of loyalty, breach of fiduciary duty, unfair trade practices, and violation of North Carolina securities statutes case by denying defendants' motion to compel arbitration. The trial court failed to make findings of fact to support its order, and thus, the case was reversed and remanded. In the event the trial court finds that the parties did enter into an arbitration agreement, the court must also address whether the Federal Arbitration Act or the North Carolina Revised Uniform Arbitration Act applies.

Appeal by defendants from order entered 17 November 2011 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court of Appeals 27 August 2012.

*E. Bedford Cannon for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III and Fred B. Monroe; Pope McMillan Kutteh Edwards Schieck & Taylor, P.A., by William H. McMillan and Larissa J. Erkman; and Berkowitz Oliver Williams Shaw & Eisenbrandt LLP, by John W. Shaw and Timothy W. Walner, for defendants-appellants.*

GEER, Judge.

Defendants Jeffrey Lipscomb and Sunset Financial Services, Inc. appeal from the trial court's order denying their motion to compel arbitration. Because the trial court failed to make findings of fact to support its order, we reverse and remand.

### Facts

Plaintiff Gary L. Cornelius filed an action against defendants on 28 February 2011. The complaint alleged that Mr. Lipscomb, "acting for himself and as agent for Defendant Sunset[,]" solicited and received investment funds from plaintiff in exchange for an ownership interest in IMH Secured Loan Fund, LLC ("IMH"). The complaint further alleged that defendants' use of the investment funds did not comply with representations defendants made to plaintiff, that defendants repeatedly and intentionally deceived plaintiff regarding various aspects of plaintiff's ownership interest in IMH and that, as a result, plaintiff's "ownership interest in IMH has become worthless." Based on these allegations, plaintiff asserted claims for fraud, breach of loyalty, breach of fiduciary duty, unfair trade practices, and violation of North Carolina securities statutes.

On 8 July 2011, defendants filed a joint motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure and a joint motion to compel arbitration and stay the court action. Defendants contended that plaintiff's claims were covered by a binding arbitration agreement entered into by plaintiff and defendants and that the action should either be dismissed or stayed pending arbitration based on that agreement. The motion to compel arbitration attached the affidavit of Sunset's Vice President and Chief Operating Officer, Susie Denney, which in turn attached as an exhibit an account document signed by plaintiff containing an arbitration agreement.

A hearing on defendants' joint motions occurred on 22 August 2011. At the hearing, defendants presented an affidavit and live testi-

mony from Mr. Lipscomb. According to Mr. Lipscomb, he was employed by Sunset as an agent and registered representative during the relevant time period. In that capacity, Mr. Lipscomb met with plaintiff, and the two men reviewed a Sunset "Account Application and attached Customer Agreement." Mr. Lipscomb claimed that he specifically discussed the fact that the Customer Agreement contained a pre-dispute arbitration agreement, and plaintiff did not object to it. Both plaintiff and Mr. Lipscomb signed the Account Application with the attached arbitration agreement.

Following Mr. Lipscomb's testimony, the trial court admitted into evidence a copy of the signed Account Application and attached Customer Agreement. Plaintiff did not present any evidence at the hearing. In an order entered 17 November 2011, the trial court denied defendants' motion to compel arbitration and defendants' motion to dismiss. Defendants timely appealed to this Court.

## Discussion

**[1]** We first note that defendants' appeal is interlocutory. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). It is, however, well established that an order denying a motion to compel arbitration is immediately appealable. *Edwards v. Taylor*, 182 N.C. App. 722, 724, 643 S.E.2d 51, 53 (2007) (holding interlocutory order denying defendants' motion to compel arbitration affected substantial right and, therefore, was immediately appealable).

**[2]** As an initial matter, defendants argue that the order denying their motion to compel arbitration is facially defective because it "contains no findings whatsoever" and does not "identify any basis for the refusal to dismiss or stay this action and compel arbitration." We agree.

This Court has repeatedly held that "an order denying a motion to compel arbitration must include findings of fact as to 'whether the parties had a valid agreement to arbitrate' and, if so, 'whether the specific dispute falls within the substantive scope of that agreement.' " *Griessel v. Temas Eye Ctr., P.C.*, 199 N.C. App. 314, 317, 681 S.E.2d 446, 448 (2009) (quoting *U.S. Trust Co. v. Stanford Grp. Co.*, 199 N.C. App. 287, 290, 681 S.E.2d 512, 514 (2009) (per curiam)). When a trial

court fails to include findings of fact in its order, this Court has repeatedly reversed and remanded to the trial court for a new order containing the requisite findings. *See, e.g., id.* (reversing and remanding "for entry of findings of fact" because "the trial court made no finding of fact as to the existence of a valid agreement to arbitrate"); *Pineville Forest Homeowners Ass'n v. Portrait Homes Constr. Co.,* 175 N.C. App. 380, 387, 623 S.E.2d 620, 625 (2006) (reversing and remanding to trial court for "a new order containing findings which sustain its determination regarding the validity and applicability of the arbitration provisions").

In this case, the trial court's order denying defendants' motion to compel arbitration stated in relevant part only:

> Prior to ruling on the motions, the Court considered all pleadings and other materials contained in the file. The Court considered the briefs submitted by the parties with regard to the motions. Further, the Court considered the materials and testimony submitted at the hearing on the motions. Finally, the Court considered the arguments of counsel with regard to the motions.

> After consideration of all matters as set forth above in this Order, it appears to the Court that both Motions as to both Defendants should be denied.

> NOW, THEREFORE, IT IS ORDERED:

> 1. The Defendants Sunset Financial Services, Inc. and Jeffrey Lipscomb's Joint Motion to Compel Arbitration and to Stay Court Action is denied as to both Defendants.

The order provides no findings and no explanation for the basis of the court's decision to deny the motion to compel arbitration. We, therefore, must reverse the trial court's order and remand for findings of fact regarding whether the parties had a valid agreement to arbitrate and, if so, whether the dispute between the parties falls within the substantive scope of that agreement.

Plaintiff argues, however, that, despite this Court's prior rulings, no findings of fact were required under Rule 52 of the Rules of Civil Procedure because no party specifically requested findings of fact. Plaintiff's precise argument was rejected in *Barnhouse v. Am. Express Fin. Advisors, Inc.,* 151 N.C. App. 507, 566 S.E.2d 130 (2002).

FATTA v. M & M PROPERTIES MGMT., INC.

[224 N.C. App. 18 (2012)]

In *Barnhouse,* this Court reversed and remanded for findings of fact over a dissenting opinion that took the position that no findings were necessary under Rule 52 because no party had requested them. *Id.* at 509-10, 566 S.E.2d at 132-33.

We note further that in the event the trial court finds that the parties did enter into an arbitration agreement, the court must also address whether the Federal Arbitration Act ("FAA") or the North Carolina Revised Uniform Arbitration Act applies as to that agreement. *See Sillins v. Ness,* 164 N.C. App. 755, 757, 596 S.E.2d 874, 876 (2004) (explaining that determination whether FAA applies "is critical because the FAA preempts conflicting state law"). "The FAA will apply if the contract evidences a transaction involving interstate commerce." *Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.,* 168 N.C. App. 223, 226, 606 S.E.2d 708, 711 (2005). We cannot make that determination in the first instance on appeal; it is a question to be decided by the trial court. *Sillins,* 164 N.C. App. at 758, 596 S.E.2d at 876. Because of our disposition of this appeal, we need not address the parties' remaining arguments.

Reversed and remanded.

Chief Judge MARTIN and Judge STROUD concur.